**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTOINETTE FAYFAR, JAMIE TESTA, KELLY McCARTY, and LAUREN NALLY,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12 C 3013** |
| | ) | |
| **CF MANAGEMENT-IL, LLC, d/b/a XSPORT FITNESS,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Antoinette Fayfar, Jamie Testa, Kelly McCarty, and Lauren Nally are trainers and massage therapists who worked for CF Management-IL, LLC (CF), which operated a fitness club under the name XSport Fitness. They have sued CF under Title VII of the Civil Rights Act of 1964, the Illinois Gender and Violence Act (IGVA), the Age Discrimination Act of 1967, the Pregnancy Discrimination Act, and the Family Medical Leave Act. Plaintiffs allege, among other things, that they were subjected to sexual harassment and a hostile work environment created and encouraged by CF's general manager Sheldon Botha, including both verbal and physical harassment.

CF has moved to dismiss counts 3 and 10, plaintiffs' claims under the IGVA. CF asks the Court to dismiss these claims on the ground that the IGVA does not create a cause of action against corporations. For the reasons stated below, the Court grants CF's motion.

**Discussion**

Under Illinois law, when interpreting a statute, a court focuses on the legislature's intended meaning. *Solon v. Midwest Med. Records Ass'n, Inc.*, 236 Ill. 2d 433, 440, 925 N.E.2d 1113, 1117 (2010); *In re Madison H.,* 215 Ill. 2d 364, 372, 830 N.E.2d 498, 503 (2005). The best indication of legislative intent is the language of the statute itself. *Id*. Words in a statute are given their ordinary and commonly understood meaning unless the statute defines them in a different way. *Bailey v. Ill. Liquor Control Comm'n*, 405 Ill. App. 3d 550, 555, 938 N.E.2d 629, 634 (2010). In addition, terms in a statute are not read in isolation but rather are considered in context. *People v. Beachem*, 229 Ill. 2d 237, 243, 890 N.E.2d 515, 519 (2008); *People v. Trainor*, 196 Ill. 2d 318, 332, 752 N.E.2d 1055, 1063 (2001).

The relevant section of the IGVA reads as follows:

> Cause of action. Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

740 ILCS 82/10.

Plaintiffs ask the Court to read the word the statute's reference to "persons" that may be sued to include a corporate entity like CF that employs an alleged perpetrator of gender-related violence. CF argues that the word "person," on its face, is limited to individuals.

Illinois courts read the term "person" in a statute to refer to an individual, not a legal entity, absent a statutory definition that expands the meaning of "person" to

include entities.  In *People v. Christopherson*, 231 Ill. 2d 449, 899 N.E.2d 257 (2008),

the Illinois Supreme Court considered a statute that prohibited any "person" from seller

or giving alcoholic beverages to a minor.   The court agreed with a lower court's

conclusion that "the plain and ordinary meaning of the term 'person' is 'an individual

human being.'"  *Id.* at 455, 899 N.E.2d at 260 (quoting *People v. Christopherson*, 377 Ill.

App. 3d 752, 754, 879 N.E.2d 1035, 1037 (2007)).

It appears that when the Illinois legislature intends the statutory term "person" to

include legal entities other than individuals, it defines the term in that way.  For example,

in the Illinois Consumer Fraud Act (ICFA), which imposes various prohibitions on

"person[s]," and permits lawsuits against any "person" who violates the Act, the

legislature provided that "[t]he term "person" includes any natural person or his legal

representative, partnership, corporation (domestic and foreign), company, trust,

business entity or association, and any agent, employee, salesman, partner, officer,

director, member, stockholder, associate, trustee or cestui que trust thereof."  815 ILCS

505/1(c).  This is consistent with the Illinois Supreme Court's conclusion in

*Christopherson* that the term "person," when used in a statute, typically refers to

individuals:  when the legislature wishes to employ a broader definition, as it did in the

ICFA, it puts that definition in the statute.

The Court also notes that when read in context, it is apparent on the face of the

IGVA that the legislature intended the term "person" to refer to an individual.  As quoted

above, the statute requires the "person . . . perpetrating . . . gender-related violence" to

have "*personally* commit[ed]" or "*personally* encourage[ed] or assist[ed]" the gender-

related violence in order to be liable. One does not typically understand corporations or other legal entities to "personally" perform actions; rather, they act through their agents.

Given these factors, the Court does not consider the IGVA's use of the term "person" to be ambiguous: it refers to individuals, not legal entities. But even if one might consider the term ambiguous, that does not lead to a different understanding of the term. Under Illinois law, if statutory language is capable or more than one reasonable interpretation, it is considered ambiguous, and in that event a court may consider "extrinsic aids to construction, such as legislative history." *County of DuPage v. Ill. Labor Relations Bd.*, 231 Ill. 2d 593, 604, 900 N.E.2d 1095, 1101 (2008). The legislative history of the IGVA includes a summary stating that the proposed legislation "[p]rovides that *any person* who has been subjected to gender-related violence may bring a civil action for damages, injunctive relief, or other appropriate relief against *the person* who committed that act." IL H.R. B. Stat. 2003-2004 Reg. Sess. H.B. 536, Illinois House Bill Status, 2003-2004 Reg. Sess. H.B. 536 (emphasis added). This confirms that the legislature used the term "person" consistently in referring to both those who may sue under the statute and those who may be sued. An entity cannot be the object of gender-related violence; only a person can. But this summary of the statute, like the statute itself, uses the term "person" to describe both those who can sue and those who can be sued. This parallel usage further indicates that only individuals can be sued under the statute.

Plaintiffs argue that the intent of the IGVA is to hold accountable perpetrators of gender-related violence. That is certainly true. But plaintiffs do not point to any

4

language in the statute or the legislative history to indicate that the legislature intended to define those "persons" liable under the statute to include corporate entities..

Plaintiffs also argue that CF may be held vicariously liable for the torts one of its employees committed against others. They cite *Benitez v. Amer. Standard Circuits, Inc.*, 678 F. Supp. 2d 745 (N.D. Ill. 2010), for the principle an employer may be held liable for one employee's torts against another "that the employer could have prevented by reasonable care in hiring, supervising, or if necessary firing the tortfeasor." *Id.* at 765. *Benitez*, however, concerned common law tort claims, not statutory causes of action like the one the legislature created in the IGVA. Plaintiffs offer no authority indicating that the same principle applies to statutory torts.

Plaintiffs also cite *Cruz v. Primary Staffing, Inc.*, No. 10 C 5653, 2011 WL 1042629 (N.D. Ill. Mar. 22, 2011), in which Judge Joan Lefkow declined to dismiss a claim against a corporate employer under the IGVA. It does not appear from Judge Lefkow's decision, however, that the defendant in *Cruz* argued that the statutory language does not permit claims against legal entities, as opposed to individuals. Thus the decision is not inconsistent with the one this Court reaches in the present case.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss Counts 3 and 10 for failure to state a claim [dkt. no. 19].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 4, 2012